IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. W., minor, by and through Guardian ad Litem HEIDI NELSON; and M.K., minor, by and through Guardian ad Litem ROBERT KOELLING<br><br>          Plaintiffs,<br><br>    v.<br><br>EASTERN SIERRA UNIFIED SCHOOL DISTRICT; COLEVILLE HIGH SCHOOL PRINCIPAL JASON REED (individually and in his official capacity); ASSISTANT FOOTBALL COACH CODY CARLISLE (individually and in his official capacity); SUPERINTENDENT DON CLARK (individually and in his official capacity), AND DOES 1-50,<br><br>          Defendants.<br>_____ | 2:11-cv-00531-GEB-GGH<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) ORDER</u> |

        The February 25, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on June 27, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. (ECF No. 5.) The February 25, 2011 Order further required that a status report be filed regardless of whether a joint report could be procured. <u>Id.</u> at 2 n.2.  No status report was filed as ordered.

Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on June 27, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on August 1, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  June 17, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2