IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.W., a minor, by and through Guardian ad Litem HEIDI NELSON; and M.K., a minor, by and through Guardian ad Litem ROBERT KOELLING,<br><br>        Plaintiffs,<br><br>   v.<br><br>EASTERN SIERRA UNIFIED SCHOOL DISTRICT; COLEVILLE HIGH SCHOOL PRINCIPAL JASON REED (individually and in his official capacity); ASSISTANT FOOTBALL COACH CODY CARLISLE (individually and in his official capacity); SUPERINTENDENT DON CLARK (individually and in his official capacity),<br><br>        Defendants. | 2:11-cv-0531-GEB-GGH<br><br><u>ORDER GRANTING DEFENDANTS'</u><br><u>MOTION TO DISMISS</u> |

        Pending are two dismissal motions brought by Defendants Eastern Sierra Unified School District ("District"), Coleville High School Principal Jason Reed, and Superintendent Don Clark (collectively, "Defendants"); one under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and the other under Rule 12(b)(6). (ECF Nos. 6-7.) Plaintiffs oppose each motion. (ECF Nos. 11-12.) Plaintiffs allege that because of Defendants' failure to train and supervise assistant football coach Cody Carlisle, Carlisle engaged in inappropriate sexual conduct with

Plaintiffs. Since Plaintiffs' claims against Defendants are dismissed based on each Defendant's Rule 12(b)(6) dismissal arguments, the merit of each Defendant's 12(b)(1) dismissal motion is not decided.

## I. LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). When deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true, and all reasonable inferences are drawn therefrom in the plaintiff's favor. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557) (internal citation omitted). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## II. BACKGROUND

The following factual allegations are contained in Plaintiffs' Complaint. Plaintiffs are minor females; both were fifteen years old at the time of the alleged incidents about which each Plaintiff complains. (Compl. ¶ 6.) On December 22, 2009, Carlisle "sexually molested both minor girls" while he was the assistant football coach at Coleville High

1  School. Id. ¶¶ 10, 21. Carlisle "consistently and overtly flirted with
2  and sexually harassed students, attended and facilitated underage
3  parties, and ultimately, engaged in acts of sexual intercourse and
4  sodomy with multiple underage students [and] [h]e was able to do so
5  . . . because of his role as assistant football coach at Coleville High
6  School." Id. ¶ 18. Carlisle ultimately plead guilty to "multiple felony
7  charges for sexual contact with minors." Id. ¶ 23.

8  Defendant Jason Reed, as principal of Coleville High School,
9  "negligently and tortiously failed to conduct a proper investigation
10 into [Carlisle's] background before allowing him access to the students
11 of Coleville High School." Id. ¶ 17. "Various employees in positions of
12 authority . . . including . . . Principal [Reed], knew or suspected
13 [Carlisle] was having inappropriate sexual relationships with underage
14 students." Id. ¶ 19. "Prior to December 22, 2009, Principal [Reed] . . .
15 received information that [Carlisle] was involved in inappropriate
16 sexual conduct with an underage female or females at the school . . .
17 [but] did not report his suspicions regarding [Carlisle's] behavior to
18 the proper authorities . . . [or] take the appropriate steps to keep
19 [Carlisle] away from . . . students[.]" Id. ¶ 20.

20 Nor did the Defendant District "adequately train students,
21 teachers, and staff regarding sexual harassment, sexual discrimination,
22 and avoiding unlawful sexual conduct between students and staff." Id. ¶
23 24. Further, this was "not the first staff-on-student incident of its
24 kind within the district[,]" yet "[n]o significant changes in district
25 policy, training, or supervision resulted from the discovery of this
26 [previous] unlawful behavior by a teacher within the district." Id. ¶
27 26.
28 ///

Plaintiffs state in the caption of the Complaint that Defendants Reed and Clark are being sued "individually and in [their] official capacit[ies .]" (Compl. 1:21-24.) However, in their Complaint Plaintiffs allege the following concerning Reed and Clark: "[they] were at all times relevant herein acting within the purpose and scope of [their] agency and employment. However, with regard to claims brought under 42 U.S.C. § 1983, . . . Reed [and] Clark . . . are being sued in their individual capacities[.]" Id. ¶ 13. This allegation reveals Plaintiffs' § 1983 claims against Reed and Clark are against them in their individual capacities and all other claims are solely against Reed and Clark in their official capacities. Plaintiffs allege the following federal claims in their Complaint: (1) "Prohibited Sex Discrimination (20 U.S.C. § 1681)" against Defendants; and (2) "Deprivation of constitutional rights under color of law (42 U.S.C. § 1983)" against Reed and Clark "in their individual capacities." Id. ¶¶ 27-35. Plaintiffs also allege the following five state law claims against Defendants: negligence, negligent hiring/retention, negligent supervision, negligent infliction of emotional distress, and failure to train. Id. ¶¶ 36-61, 69-72. Plaintiffs seek damages in each claim. Id. 13:9-15.

### III. DISCUSSION

**A. "Prohibited Sex Discrimination (20 U.S.C. § 1681)"**

Plaintiffs allege Defendants violated 20 U.S.C. § 1681 ("Title IX") by subjecting "Plaintiffs to discrimination on the basis of sex." (Compl. ¶ 29.) Defendants argue Title IX does not authorize suit against school officials like Reed and Clark and therefore, "[t]o the extent these Defendants are sued as individuals, [this claim] should be dismissed." (Mot. 8:13-17, ECF No. 7.) Plaintiffs agree in their

4

response to the motion that "individual defendants Reed and Clark cannot themselves be liable under Title IX[ and that] Defendants' motions should be granted in that regard." (Opp'n 2:3-5, ECF No. 11.) Accordingly, Defendants Reed and Clark are dismissed from this claim.

Defendants also argue "Plaintiffs have failed to allege facts sufficient to establish liability against the District" since "Plaintiff[s have] failed to plead deliberate indifference on the part of the District." (Mot. 9:4-5, 14-15.) Defendants further argue that "[a]ssuming . . . that either Reed's or Clark's knowledge could be considered proper for purposes of imparting actual notice to the District, the allegation of Reed's knowledge is conclusory" and "without basis in fact." Id. 9:15-17, 19. Plaintiffs respond that "[t]he complaint . . . makes adequate factual allegations under Title IX[,] . . . properly alleges deliberate indifference[,] . . . [and contains] allegations more than suffic[ient] to raise a claim under Title IX[.]" (Opp'n 5:1-3.)

Title IX prescribes in part: "No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). "Title IX encompasses sexual harassment of a student by a teacher and is enforceable through an implied private right of action for damages against a school district." Garcia ex rel. Marin v. Clovis Unified School Dist., No. 1:08-CV-1924 AWI SMS, 2009 WL 2982900, at *8 (E.D. Cal. Sept. 14, 2009). However, a school district may not be held liable for damages for a teacher's sexual harassment of a student "unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice

of, and is deliberately indifferent to, the teacher's misconduct." Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 277 (1998).

The following allegations in Plaintiffs' Complaint concerning the District's liability are contradictory: Reed "should have . . . known" about Carlisle's conduct; Reed "knew or suspected that [Carlisle] was having inappropriate sexual relationships with underage students"; Reed "received information that [Carlisle] was involved in inappropriate sexual conduct"; and Reed had "suspicions regarding [Carlisle's] behavior[.]" (Compl. ¶¶ 19-20.) Further, what Plaintiffs allege regarding Reed's actual knowledge is wholly conclusory. Therefore, Plaintiffs have failed to sufficiently allege a district employee had actual knowledge of Carlisle's misconduct and acted with deliberate indifference; accordingly, this claim is dismissed.

**B. "Deprivation of constitutional rights under color of law (42 U.S.C. § 1983)"**

Defendants argue to the extent Plaintiffs allege official capacity § 1983 claims against Reed and Clark, Eleventh Amendment immunity bars these claims. (Mot. 3:7-9.) However, Plaintiffs' § 1983 claims against these defendants are not official capacity claims. Plaintiffs allege individual capacity § 1983 claims against Reed and Clark alleging that each of these defendants "subjected [them] to violation of their rights to equal protection . . . under the Fourteenth Amendment of the Constitution, [and] their rights to substantive due process." (Compl. ¶ 34.) Specifically, Plaintiffs allege Reed and Clark "had a custom, policy or practice of tolerating and failing to adequately correct sexual misconduct between staff and students." Id. ¶ 32-33.

///

1  Defendants argue Plaintiffs failed to plead facts sufficient
2 to support their § 1983 equal protection and substantive due process
3 claims against Reed and Clark. (Mot. 10:13-15.) Plaintiffs include no
4 factual allegations in their Complaint against Clark. To allege a
5 substantive due process claim Plaintiffs must allege that these
6 individual defendants "depriv[ed them] of life, liberty, or property in
7 such a way that 'shocks the conscience' or 'interfere[ed] with the[ir]
8 rights implicit in the concept of ordered liberty.'" Nunez v. City of
9 L.A., 147 F.3d 867, 871 (9th Cir. 1998) (quoting United States v.
10 Salerno, 481 U.S. 739, 746 (1987)).

11  Defendants argue that Plaintiffs' equal protection claim fails
12 to "establish the classification to which [Plaintiffs were] subjected,
13 . . . the similarly situated class against which the plaintiff[s'] class
14 can be compared[,] . . . [and] how any two classes were treated
15 differently." (Mot. 10:18-22.)  Plaintiffs counter "[t]hey alleged that
16 Defendant Reed had knowledge of inappropriate sexual relationships by an
17 employee, that he was a mandatory reporter under the California Penal
18 Code, and that he failed to carry out his duty." (Opp'n 4:14-16).
19 Further, Plaintiffs argue "[t]he complaint also alleges that these
20 failures amounted to at least deliberate indifference, and that there
21 was a custom, policy or practice of tolerating misconduct between staff
22 and students." Id. 4:16-18.

23  Plaintiffs fail to adequately plead the elements of equal
24 protection and substantive due process claims against Reed and Clark. No
25 allegations are plead against Clark and the allegations against Reed are
26 wholly conclusory. Therefore, these claims are dismissed.
27 ///
28 ///

**C. State Law Claims**

Defendants also seek dismissal of Plaintiffs' state tort claims, arguing the Eleventh Amendment grants state agencies sovereign immunity from state tort claims in a federal forum. (Mot. 4:13-27.) Plaintiffs do not respond to this argument.

The Eleventh Amendment "precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004). Defendants motion shows "[t]he State of California has not waived its [Eleventh Amendment] immunity to suits in [this] federal court[] . . . ." Lopez v. Wasco State Prison, No. 1:08-CV-889 AWI TAG, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citing Riggle v. California, 577 F.2d 579, 585 (9th Cir. 1978)). Further, "California's school districts are an arm of the state for Eleventh Amendment purposes." Al-Rifai v. Willows Unified School Dist., No. 2:10-cv-02526 MCE-CMK, 2011 WL 318572, at *2 (E.D. Cal. Feb. 1, 2011) (citing Belanger v. Madera Unified School Dist., 963 F.2d 248, 251 (9th Cir. 1992)). Therefore, the Eleventh Amendment bars Plaintiffs' state tort claims against the District.

The Eleventh Amendment also bars "damages actions brought against state officials in their official capacity, as the state is the real party-in-interest in these suits." Doe v. Lassen Comty. Coll. Dist., No. 07-CV-01521 LEW (DADx), 2007 WL 4623042, at *2 (E.D. Cal. Dec. 28, 2007) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984)). Since Plaintiffs' state tort claims against Reed and Clark are solely against them in their official capacities, Eleventh Amendment immunity also bars Plaintiffs' state tort claims against Reed and Clark. See Gilbreath v. Cutter Biological, Inc., 931

F.2d 1320, 1327 (9th Cir. 1991) (dismissing state law claims against state defendants on Eleventh Amendment grounds and stating that "'it is difficult to think of a greater intrusion on state sovereignty than when federal courts instruct state officials on how to conform their conduct to state law'") (quoting Pennhurst, 465 U.S. at 106)).

Accordingly, Plaintiffs' state law claims against the District, Reed, and Clark are dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Defendants are dismissed. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint addressing the deficiencies in the dismissed claims. Further, Plaintiffs are notified that this action may be dismissed with prejudice under Rule 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated:  October 11, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge