IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

H.W., minor, by and through Guardian ad Litem HEIDI NELSON; and M.K., minor, by and through Guardian ad Litem ROBERT KOELLING,

    Plaintiffs,               No. CIV S-11-0531 GEB GGH

    vs.

EASTERN SIERRA UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.            <u>ORDER</u>

_____/

        Presently before the court is plaintiffs' request to seal the evidentiary hearing in connection with plaintiffs' motion for default judgment against defendant Carlisle which was conducted on February 8, 2012, in the courtroom of the undersigned.  Present for plaintiffs were Timothy Scott and Alexis Bastedo.  Defendant Carlisle made no appearance; however, counsel for previously dismissed defendants Eastern Sierra Unified School District, Jason Reed and Don Clark ("dismissed defendants") was present.  At the commencement of the evidentiary hearing, plaintiffs' counsel  requested that the hearing be sealed.[1]  Mr. Herr asked to be recognized on the sealing issue and opposed that request.

---

[1] Plaintiffs filed no motion to seal the hearing prior to start of the hearing itself.

1

1         Although dismissed defendants no longer have standing in this action as parties, their standing to oppose sealing would exist, at the very least, as interested members of the public. Where a party seeks to seal judicial records pertaining to a dispositive motion from public scrutiny, a "compelling reasons" standard applies.[2] Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 678 (9th Cir. 2010). "Consequently, [the moving party] must overcome a strong presumption of access by showing that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." Id. at 679, (quoting Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006)) (internal quotation marks and citations omitted). The court is tasked with weighing factors such as the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995) (citing E.E.O.C. v. Erection Co., 900 F.2d 168, 170 (9th Cir.1990)). Examples of compelling reasons include the necessity to keep personal information protected from exposure to harm or identity theft and to protect an individual's important privacy interest. Kamakana, 447 F.3d at 1184. If the witness may be susceptible to retaliation or harassment based on disclosure of his or her private information, protection is warranted. Nursing Home Pension Fund v. Oracle Corp., 2007 WL 3232267, *2 (N.D. Cal. 2007).

        At the start of the hearing, out of an abundance of caution, and because there was no opportunity for briefing on this issue, the courtroom was sealed and Mr. Herr left the courtroom after argument on this issue.[3] The undersigned has now considered the matter. First,

---

[2] The compelling reasons standard applies even to dispositive matters that were previously filed under seal. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

[3] The undersigned determined in his mind that the dismissed defendants would not be prejudiced by Mr. Herr's absence at the hearing in that a transcript will be prepared of the entire hearing, which, if ordered unsealed, will be of better use than Mr. Herr's notes of the proceeding. If the court ultimately seals the transcript, Mr. Herr's absence was properly ordered.

1  no member of the public, other than counsel for dismissed defendants, was present at the hearing.
2  Also considered was the privacy of the parties involved and the sensitive and very private nature
3  of the material to be addressed at the evidentiary hearing, specifically that this action concerns
4  allegations of sexual molestations by defendant Carlisle against two plaintiffs who were minors
5  at the time of the alleged incidents and who may still be minors.  The motion for default
6  judgment indicates that defendant Carlisle has been convicted criminally of sexual violations
7  involving the minors.  Plaintiffs have therefore, at this time, shown compelling reasons for
8  sealing the evidentiary hearing.
9         Nevertheless, the dismissed defendants have a greater interest in the sealed
10 testimony than simply curious members of the public in that the testimony taken in the closed
11 courtroom may be of potential use in the already filed, or soon to be filed, state action involving
12 these federally dismissed defendants.  In addition, dismissed defendants are privy to much, if not
13 all, of the sensitive information regarding the acts perpetrated against the plaintiffs by defaulting
14 defendant Carlisle.  Because the dismissed defendants had no notice of plaintiffs' request to seal
15 the hearing, and because there was no notice or briefing such that the undersigned could properly
16 analyze the issue, this sealing order is without prejudice to the dismissed defendants making a
17 motion to unseal the hearing transcript as to them alone.
18        Accordingly, IT IS HEREBY CONFIRMED that Plaintiffs' motion to seal the
19 evidentiary hearing was granted, but IT IS HEREBY ORDERED that the sealing is without
20 prejudice to a motion to unseal by the dismissed defendants as to them only.  The Clerk shall
21 ensure that Mr. Herr is served electronically at his e-mail address set forth on the docket of this
22 case.
23 DATED: February 9, 2012

                                          /s/ Gregory G. Hollows
24                                     UNITED STATES MAGISTRATE JUDGE

25 GGH:076/H.W.0531-sealhrg.wpd

26