IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.W., minor, by and through Guardian ad Litem HEIDI NELSON; and M.K., minor, by and through Guardian ad Litem ROBERT KOELLING,<br><br>        Plaintiffs,<br><br>  vs.<br><br>EASTERN SIERRA UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendants.<br>_____/ | No. CIV S-11-0531 GEB GGH<br><br><br><br>ORDER |

        Presently pending on this court's law and motion calendar for April 12, 2012, is former defendants Eastern Sierra Unified School District, Jason Reed, and Don Clark's motion to vacate order closing evidentiary hearing and for new order that the hearing be held in open court, or in the alternative, for an order unsealing the record of hearing, filed February 17, 2012. Plaintiffs have filed an opposition. The court has determined that this matter is suitable for decision without oral argument. Having reviewed the papers filed in support of the motion, as well as the opposition, the court now issues the following order.

        As this court stated in its order issued February 9, 2012, although dismissed defendants no longer have standing in this action as parties, their standing to oppose sealing

1  would exist, at the very least, as interested members of the public.  Where a party seeks to seal
2  judicial records pertaining to a dispositive motion from public scrutiny, a "compelling reasons"
3  standard applies.[1]  Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 678 (9th Cir. 2010).
4  "Consequently, [the moving party] must overcome a strong presumption of access by showing
5  that "compelling reasons supported by specific factual findings ... outweigh the general history of
6  access and the public policies favoring disclosure." Id. at 679, (quoting Kamakana v. City &
7  County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006)) (internal quotation marks and
8  citations omitted).  The court is tasked with weighing factors such as the "public interest in
9  understanding the judicial process and whether disclosure of the material could result in
10 improper use of the material for scandalous or libelous purposes or infringement upon trade
11 secrets." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995) (citing E.E.O.C. v. Erection
12 Co., 900 F.2d 168, 170 (9th Cir.1990)).  Examples of compelling reasons include the necessity to
13 keep personal information protected from exposure to harm or identity theft and to protect an
14 individual's important privacy interest.  Kamakana, 447 F.3d at 1184.  If the witness may be
15 susceptible to retaliation or harassment based on disclosure of his or her private information,
16 protection is warranted.  Nursing Home Pension Fund v. Oracle Corp., 2007 WL 3232267, *2
17 (N.D. Cal. 2007).

18         In its February 9th order, the court outlined the reasons why the dismissed
19 defendants may have a greater interest in the sealed testimony than members of the public.  The
20 testimony taken at the evidentiary hearing may be useful in the state court action involving these
21 dismissed defendants.  In so finding, the court's previous order was specifically without
22 prejudice to the former defendants' potential motion to unseal the hearing transcript "as to them
23 alone."  None of the stated reasons apply to members of the general public.

---

25  [1] The compelling reasons standard applies even to dispositive matters that were
    previously filed under seal.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th
26  Cir. 2003).

1    However, general publication of the information by the former defendants may be
2 deleterious to the plaintiffs.  Therefore, the court will unseal the transcript on an attorneys' eyes
3 only basis.  This condition is without prejudice to an order of the state court widening the
4 transcript's distribution.

5    Accordingly, IT IS ORDERED that:

6    1. Former defendants Eastern Sierra Unified School District, Jason Reed, and
7 Don Clark's motion to vacate order closing evidentiary hearing and for new order that the
8 hearing be held in open court, or in the alternative, for an order unsealing the record of hearing,
9 filed February 17, 2012, (dkt. no. 41), is vacated from the calendar for April 12, 2012.

10    2. The motion is granted in part and denied in part.  The request for a new hearing
11 is denied; however, **the transcript of the hearing held on February 8, 2012 will be unsealed**
12 **as to former defendants Eastern Sierra Unified School District, Jason Reed, Don Clark,**
13 but on an **attorneys' eyes only basis.**  The attorneys for the above referenced defendants shall
14 not distribute the transcript in any way whatsoever outside of their office(s).  This order is
15 without prejudice to the state court issuing an order widening the distribution.  Neither
16 **defendant Cody Carlisle or any member of the general public is to be presently served with**
17 **a copy of the transcript**.  This order is without prejudice to a state court order requiring
18 defendant Carlisle to be served with a copy of the transcript for due process purposes.

19    3. The Clerk of the Court is directed to **seal** Exhibit 1 of former defendants'
20 motion, (dkt. no. 41-2 at 4 to 8).  This portion of the order is without prejudice to a state court
21 order requiring defendant Carlisle to be served with a copy of this exhibit for due process
22 purposes only.

23 DATED: April 2, 2012

  /s/ Gregory G. Hollows
  UNITED STATES MAGISTRATE JUDGE

GGH:076/H.W.0531.vac.wpd