IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

H.W., minor, by and through Guardian ad Litem HEIDI NELSON; and M.K., minor, by and through Guardian ad Litem ROBERT KOELLING,

        Plaintiffs,

vs.

EASTERN SIERRA UNIFIED SCHOOL DISTRICT, et al.,

        Defendants.

No. CIV S-11-0531 GEB GGH

FINDINGS AND RECOMMENDATIONS

        Plaintiffs' motion for attorneys' fees pursuant to 42 U.S.C. § 1988 is pending before the court.[1] Upon review of the documents in support, and good cause appearing therefor, this court issues the following findings and recommendations.

\\\\\

\\\\\

---

[1] The motion was submitted without oral argument as defendant Carlisle, the defendant against whom the fees are sought, is in default.

BACKGROUND

By findings and recommendations issued February 16, 2012, the undersigned found that any attorneys' fees should be offset by any award granted pursuant to 42 U.S.C. § 1998, based on plaintiffs' second claim under 42 U.S.C. § 1983. Plaintiffs were ordered to file an attorneys' fees motion pursuant to 42 U.S.C. § 1988. (Dkt. no. 39.) On May 22, 2012, the district court reduced the recommended award amount for each plaintiff and reduced the attorneys' fees commensurate with the reduced awards. The district court also ordered that the reduced attorney fee award be offset by any award granted pursuant to 42 U.S.C. § 1988. (Dkt. no. 52.)

Plaintiffs have now filed their motion for attorneys' fees pursuant to 42 U.S.C. § 1988 against defaulted defendant Cody Carlisle. No appearance or filing was made by defendant Carlisle with respect to this motion, or in any other respect in this entire litigation.

DISCUSSION

The Civil Rights Attorney's Fees Awards Act of 1976 provides for attorneys' fees in civil rights actions. The statute provides in relevant part: ". . . In any action or proceeding to enforce a provision of . . . 42 U.S.C. §§ 1981 - 1983 . . ., the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988. A plaintiff who is a prevailing party may be awarded attorney's fees as appropriate, which requires a determination of what fee is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933 (1983).

This circuit uses the "lodestar" method of calculating attorneys' fees – the court multiplies a "reasonable" hourly rate by the number of hours "reasonably" expended in the litigation. Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 103 S. Ct. 1933, 1939 (1983)). This lodestar amount is presumptively "reasonable," and ordinarily constitutes the first (and last) prong of the analysis. See Morales v. City of San Rafael, 96 F.3d 359, 363 n. 9 (9th Cir. 1996), amended on other grounds, 108 F3d 981

(9th Cir. 1997). The court also, however, may conduct a second prong of the fee analysis by considering whether recovery of the lodestar amount is "reasonable" in light of twelve factors which may counsel in favor of adjusting the lodestar calculation. See Fischer v. SJB-P.D. Inc, 214 F.3d 1115 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975).[2]

Plaintiffs seek a total of $44,650 in fees, all pertaining to defendant Carlisle only, based on 20 hours of work by attorney Singleton at a rate of $350 per hour, 60 hours of work by attorney Scott at a rate of $375 per hour, and 101 hours of work at $150 per hour by attorney Bastedo.

Plaintiffs are prevailing parties within the meaning of § 1988 because the entry of default judgment materially altered their legal relationship with defendant Carlisle. See Bennett v. Yoshida, 259 F.3d 1097, 1100 (9th Cir. 2001).

Plaintiffs' counsel have submitted declarations outlining the hours spent on various activities pertaining to defendant Carlisle. See Plaintiffs' motion for attorneys' fees and attached declarations. (Dkt. no. 50). The declarations of attorneys Singleton, Scott and Bastedo state that they did not include time spent on the case as it pertained to former defendants or purely administrative activities. The court finds that the total amount of hours claimed, given the work involved in preparing this case, being familiar with Carlisle's criminal case, protecting the confidentiality of their minor plaintiff clients through measures taken to seal portions of the

---

[2] The twelve Kerr factors are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 70.

proceedings, and preparing for and presenting a case at the evidentiary hearing, were reasonably incurred in prosecution of this litigation against defendant Carlisle.

Plaintiffs' counsel seek hourly rates ranging from $150 to $375 per hour. The Ninth Circuit has emphasized that "[a] court awarding attorney fees must look to the prevailing market rates in the relevant community." Bell v. Clackamas County, 341 F.3d 858, 868 (9th Cir. 2003).[3] "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir.1997); Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993). The rate to be applied is that of plaintiffs' counsel in the Sacramento area who engage in civil rights actions.

A very important aspect of determining a reasonable rate is that "such rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their *paying clients* for legal work of similar complexity." Davis v. City of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993) (emphasis added).

Plaintiffs provide citations to similar types of cases awarding fees to attorneys practicing in Sacramento. In Beecham v. City of W. Sacramento, 2009 WL 3824793 *4 (E.D. Cal. Nov. 16, 2009), the court approved an hourly rate of $150 for paralegals and $375 for lead counsel, finding that these rates were the prevailing market rates for such services in Sacramento. See also Jadwin v. County of Kern, 767 F. Supp.2d 1069, 1132 (E.D. Cal. 2011) ($350 per hour for "experienced and competent trial counsel" in Fresno Division which were noted to be lower than Sacramento rates); Alaniz v. Robert M. Peppercorn,M.D., Inc., 2008 WL 5000191 (E.D. Cal. Nov. 21, 2008) ($350 per hour in Sacramento). Other cases are consistent with plaintiffs' authority. See Jones v. County of Sacramento, 2011 WL 3584332, *9 (E. D. Cal. Aug. 12, 2011) ($350 per hour); Cosby v. Autozone, Inc., 2010 WL 5232992 (E.D. Cal. Dec. 16, 2010)

---

[3] Unless, that is, local counsel is unavailable or inexperienced, and retained counsel ordinarily practices in another location. Barjon, 132 F.3d at 501-02.

(unopposed rate of $375 per hour). Based on these cases, the requested hourly rates are found to be reasonable.

Plaintiffs' counsel state that they are not seeking enhanced compensation for the complexity of the case or other factors. Enhancements for delayed payments are not permitted if the court uses current rates for calculation of attorneys' fees. In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1305 (9th Cir. 1994). Because the court has made its calculation of the hourly rate at the appropriate, current hourly rate, no enhancement may be given. Moreover, no multiplier may be based on novelty or complexity as this is subsumed within the lodestar. Kelly v. City of Oakland, 198 F.3d 779, 786 (9th Cir. 1999) citing Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir. 1993).

An appropriate award of attorneys' fees in this matter is the reasonable hourly rate proffered by plaintiffs' counsel multiplied by the hours claimed.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion for attorneys' fees under 42 U.S.C. §1988, filed May 8, 2012, (dkt. no. 50), be granted in the amount of $44,650 to be apportioned to each plaintiff in direct proportion to the amount of damages awarded to each plaintiff, against defaulted defendant Carlisle only;

2. This fee award offset the attorneys' fees previously awarded by the district court on May 22, 2012; and

3. Any 42 U.S.C. §1988 fees actually recovered from defendant Carlisle be deducted from the contingency fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/H.W.0531.1988fees.wpd